## BINGHAM v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2444.   Decided Feb 26, 1935

Isadore Margulis, Columbus, for plaintiff in error.

Wayne Fogle, Police Prosecutor, Columbus, for defendant in error.

## OPINION

By BARNES, J.

It shall be our purpose to follow the order and manner of discussion in the brief. It is urged that the finding and judgment is contrary to law and against the manifest weight of the evidence.  We have carefully gone over the bill of exceptions and it is our conclusion that the evidence was abundantly sufficient to sustain the verdict.

In the brief of counsel, reference is made to a reported case wherein it was said that the appearance of a name and professional character on a building or door standing alone would not be sufficient.  Another case is cited wherein it was held that the appending of initials to a name as "M.D." standing alone would not be sufficient.  In the instant case the evidence went farther and establishes beyond a reasonable doubt the charge in the affidavit.  We may say at this time that the defendant did not go upon the stand nor did he present any testimony.

It is claimed that the court committed error in admitting in evidence a document purporting to be signed by H. M. Platter, secretary of the State Medical Board, certifying to the fact that one H. J. Bingham had not received a certificate for the prac-

tice of medicine or surgery or any of its branches.

Sec 12694, GC, among other things, provides as follows:

" "A certificate signed by the secretary of the state medical board, to which is affixed the official seal of the said state medical board to the effect that it appears from the records of the state medical board that no such certificate to practice medicine or surgery, or any of its branches, in the state of Ohio has been issued to any such person or persons specified therein, or that a certificate if issued, has been revoked or suspended, shall be received as prima facie evidence of the record of such Board in any court or before any officer of this state."

This certificate upon its face is regular and is admissible in evidence without any further identification. The fact that the witness who presented it in court could not testify to the signature of the secretary, Platter, is of no avail.

Complaint is also made that the court erred in not requiring the state to elect upon separate affidavits charging violation of this section of the statute. It is claimed that at the same time the affidavit was filed upon which the present conviction is predicated, there was also filed an affidavit charging the defendant with advertising or announcing himself as a practitioner of medicine or surgery\ or one of its branches, before obtaining a certificate from the State Medical Board, etc. It appears from the record that the court overruled all objections and announced that he would hear the evidence on both cases, holding the motions and demurrers in abeyance until the final determination. After the finding and judgment of conviction the complaint charged in the second affidavit was continued. §13433-4 GC prescribes the procedure for situations such as disclosed in the instant case.

We find no prejudicial error in the action of the court.

We determine that the affidavit was sufficient in law and not subject to attack by demurrer.

Finding no prejudicial error, the judgment of the lower court will be affirmed and cause remanded for further proceedings according to law.

Exceptions may be allowed.

Costs will be taxed against plaintiff in error.

KUNKLE, PJ, and HORNBECK, J, concur.